Zheng v. Holder

BIA
A073 489 954

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

GANG-QING ZHENG, AKA CHAO HSIUNG CHAN,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-3371-ag
NAC

_____

FOR PETITIONER:     Dehai Zhang, Flushing, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gang-Qing Zheng, a native and citizen of China, seeks review of an August 4, 2010, order of the BIA denying his motion to reopen his exclusion proceedings. *In re Gang-Qing Zheng*, No. A073 489 954 (B.I.A. Aug. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Zheng's motion to reopen as untimely, as he filed it more than six years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that only Zheng's personal circumstances had changed, as his claim was based on the fact that he joined the Chinese Democracy Party in 2007. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008) (noting that "it would be 'ironic' to allow aliens to reopen their cases . . . simply because they were able to change their own personal circumstances").

The BIA did not abuse its discretion in giving little weight

to Zheng's affidavit and supporting letters stating that authorities in China threatened that he would be arrested and detained upon return to China, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence lies largely within the discretion of the agency), particularly given the agency's underlying determination that Zheng was not credible, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (finding that the BIA did not err in rejecting the petitioner's document submitted in support of a motion to reopen based on legitimate concerns about the petitioner's credibility stemming from the IJ's underlying adverse credibility determination).

Zheng also argues that the BIA impermissibly made findings of fact, but there was no fact-finding in noting that telephone bills are not evidence of the content of telephone conversations. Although Zheng argues that the BIA failed to consider some affidavits in the record, the record does not compellingly suggest that the BIA failed to take those affidavits into account, and in any event those affidavits did not provide any support for Zheng's allegation that Chinese authorities were aware of Zheng's political activities or threatened to harm him because of those activities. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n,17 (2d Cir. 2006) ("[W]e presume that [the BIA] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise."). Moreover, Zheng did not present any other evidence documenting *changed* circumstances.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk